**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Lavelle Earl TOMS, Defendant— Appellant.**

No. 04–10629.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Dec. 22, 2005.

William R. Reed, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, AFPD, Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: KOZINSKI and FERNANDEZ, Circuit Judges, and HATTER,* District Judge.

### MEMORANDUM **

Officer Shearer responded to a 9–1–1 call by an informant who was neither the victim of a crime nor an insider with information about criminal activity. *See United States v. Terry–Crespo*, 356 F.3d 1170, 1172 (9th Cir.2004). The informant, a Rite Aid store manager, expressed concern about a man sitting in a car with no license plates in the parking lot of her store. Other than the car having no license plates, the report contained no information that was objectively suspicious. *See United States v. Rojas–Millan*, 234 F.3d 464, 468–69 (9th Cir.2000).

■ It is undisputed that Toms was seized the moment Officer Shearer arrived on the scene and ordered him out of his vehicle. *See Florida v. Bostick*, 501 U.S. 429, 434, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). At that point, the officer had not yet corroborated all of the details in the informant's report, including whether the car had license plates. In any event, the government does not rely on the lack of license plates in asserting that Officer Shearer had reasonable suspicion to detain Toms, and for good reason: The subsequent arrest report states that the car did, in fact, have a license plate. At the time Toms was detained, Officer Shearer had observed nothing more than "a black Honda Civic backed in by the front of the door of the Rite Aid with an unknown black male sitting kind of low in the driver's seat." This was insufficient to arouse reasonable suspicion that Toms was engaged in illegal activity.

■ The government does not argue that anything subsequently purged the taint of Toms's unlawful detention. *See United States v. Chavez–Valenzuela*, 268 F.3d 719, 727 (9th Cir.2001). Thus, all evidence obtained during the events that followed Toms's detention must be suppressed. *See id.* at 728; *see also Wong Sun v. United States*, 371 U.S. 471, 484–85, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). We

---

* The Honorable Terry J. Hatter, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

reverse the district court's denial of Toms's motion to suppress, vacate his conviction and remand for further proceedings.

**REVERSED, VACATED AND RE-MANDED.**